ADAMSON NEWKIRK, Plaintiff in Error, *v.* JESSE DALTON *et al.*, Defendants in Error.

### AGREED CASE FROM COOK.

Trover against a purchaser will lie for the recovery of stolen property, without a prosecution or conviction of the thief.

*Markets overt,* as known to the common law, making distinctions in the sale of stolen property, are not recognized in this State.

THIS case was submitted upon the following agreed state of facts:

This was an action of trover for a horse and a cutter, stolen by a third party, and purchased by the defendants of the supposed thief.

On the evening of the fifteenth day of February, 1855, the said property, and also a buffalo robe and harness, were stolen from the plaintiff, in the city of Chicago, and two or three days afterwards the supposed thief sold the same to the defendants,

who were copartners, at their place of business in Valparaiso, in the State of Indiana.

There was evidence at the time, tending to show that the conduct of the person who offered said property for sale, at the time of the sale, was such as to excite suspicions in the minds of the defendants, that he had not honestly come into the possession of said property, and that he had bought it with bogus money, or stolen it.

On the nineteenth day of February, 1855, the plaintiff made a demand of his said property, of the defendants, at their said place of business, and the defendants delivered up the buffalo robe and the harness, but did not deliver the horse and cutter, alleging that the horse and cutter were not then in their possession.

At the trial the plaintiff introduced evidence tending to show that the defendants had sent said horse away by one of their workmen, or some person in their employ, to get him out of the way of the owner, with directions to sell; but there was no evidence whether or not the horse had been sold at the time the plaintiff made the demand.

There was also evidence at the trial, that the plaintiff suspected that the thief was, after the plaintiff made his demand aforesaid, in the city of Chicago, and that the plaintiff had his suspicions excited from the description which the defendants gave to the plaintiff of the supposed thief; and thereupon the plaintiff notified the defendants of his said suspicions, and requested them to come to Chicago to identify him, and offering to pay the expenses of their journey. One of the defendants came to Chicago, and a police officer was employed to arrest the supposed thief; but the person suspected by the plaintiff was not identified by the defendant, as the person of whom he had purchased said property, and no further proceedings were had. The thief has never been discovered or prosecuted.

Upon this state of facts, the question of law submitted is, can this action be maintained?

The case was tried before MANIERRE, Judge, and a jury; but after the evidence was all in, the case was, by consent of the parties, taken from the jury and submitted to the judge, reserving all rights.

The court sustained the plaintiff's case, and gave judgment for the plaintiff; which decision of the court the defendants assign for error.

WILKINSON, Dow and PEARSON, for Plaintiff.

WIGGINS, MEECH and COVENTRY, for Defendants.

SCATES, C. J.   It is difficult to discover upon what ground a defence can be placed by the purchaser of stolen property, under the 64th section of the criminal code, (Rev. Stat. 1845, p. 161,) which provides that " all property obtained by larceny, robbery or burglary, shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of the right to such property.   Such owner may maintain his action, not only against the felon, but against any person in whose possession he may find the same."   The objection urged is, that before defendant can sue, he must prosecute and convict the thief, or do all in his power for his discovery, apprehension and conviction.   This has been so held in some cases in England, and may have some application to cases where the stolen property had been sold in market overt, as known to the laws of England.  But that kind of markets is unknown with us, and the general rule is otherwise in England. 1 ·Yeates R. 478 ; 5 Serg. and Rawle R. 130 ; 8 Cow. R. 241. Trover will lie against the purchaser of the property, without a prosecution or conviction of the thief.   *White* v. *Spettigue*, 13 Mees. and Welsb. R. 606 ; (S. C. 1 Carr and Kirwan, 673 ; 47 Eng. C. L. R. 674.)   *Peer* v. *Humphrey*, 4 Nevill and Mann. 430, (S. C. 2 Adol. and Ellis R. 495,) was overruled in the above case of *White* v. *Spettigue ;* and the doctrine will only apply, as I have said, to sales in markets overt.   2 Black. Com. 449.   This was by Statute 21 Hen. VIII, C. 11, and which was also adopted in Virginia.   See 2 Kent Com. 324, and note *a* ; *Harwood* v. *Smith*, 2 Tenn. R. 750.   This would seem to be so in Kentucky.   1 Dana R. 195.   But for the contrary doctrine, see 2 Kent Com. 324-5, and notes, with authorities referred to.   *Marsh* v. *Keating*, 1 Bingh. N. C. 198 ; *Stone et al.* v. *Marsh et al.*, 6 Barn. and Cress. R. 55 ; *Danee* v. *Baldwin*, 8 Mass. R. 518 ; *Hoffman et al.* v. *Carow*, 22 Wend. R. 285 ; *Pettingill* v. *Rideout*, 6 N. Hamp. R. 454.   And this doctrine would seem to be applicable to some cases of gross frauds, as was held in *Salters et al.* v. *Everett*, 20 Wend. R. 267 ; *Tamplin & Co.* v. *Addy, Sheriff*, in C. P., 1826, in note to *Mowry et al.* v. *Walsh*, 8 Cow. R. 239.   The two cases deny the right of a bona fide creditor of the fraudulent purchaser to levy on and retain the goods against the vendor.

So may the bailor recover of the purchaser of his bailee. *Roland* v. *Grundy*, 5 Ohio R. 202 ; *Doty* v. *Hawkins*, 6 N. Hamp. R. 247 ; *Hyde* v. *Noble et al.*, 13 N. Hamp. R. 494.   In *Foster* v. *Tucker et al.*, 3 Maine R. 458, the supposed thief was sued in assumpsit, and the statute of limitations was pleaded. A conviction of the thief was held to be necessary to sustain trover, and that assumpsit would not lie.   The same was held in

*Boody* v. *Keating*, 4 Maine R. 164, in trover, though there the defendant had been convicted.

But we do not conceive there can be any doubt about the general rule establishing the right to sue without prosecution or conviction, where the goods were sold out of a market overt, which we have not here, as known to the common law; and if there were such markets, the statute would repeal the common law in this respect.

*Judgment affirmed.*